### O.D. AZBILL *v.* STATE of Arkansas

CR 85-27                                    685 S.W.2d 162

Supreme Court of Arkansas
Opinion delivered March 4, 1985
[Rehearing denied April 15, 1985.*]

*Guy Jones, Jr., P.A.*, for appellant.

*Steve Clark,* Att'y Gen., by: *Joyce Rayburn Greene,* Asst. Att'y Gen., for appellee.

JACK HOLT, JR. Chief Justice. The appellant was convicted under the Omnibus DWI Act. The sole question

---

*PURTLE, J., would grant rehearing.

raised in this appeal is whether the appellant was in actual physical control of his vehicle as required by Ark. Stat. Ann. § 75-2503 (Supp. 1983). We find that he was.

The case was presented to the trial court on stipulated facts. The appellant did not testify. The stipulations were that Officer Leroy Davis was summoned by citizens band radio to U.S. Highway 67 at 6:22 p.m. on March 5, 1984, to investigate a truck which was stuck in the median of the highway. The truck belongs to the appellant. At the scene the officer found the appellant alone outside the truck. The appellant informed the officer that he was coming from Jonesboro and that he was the only person around the vehicle.

When the officer arrived, another car had stopped and its occupants were in the process of getting out and approaching the truck. Officer Davis was not able to testify as to the length of time the truck was stuck. He also did not know where the keys to the truck were when he arrived. The keys were available however because they were used to lock the truck, which was later towed and impounded. The truck was not locked when the officer arrived. Officer Davis never saw the appellant driving or exercising physical control of the truck. A breathalizer test was administered and the appellant registered .22%. The test results were properly certified and authenticated.

The parties further agreed that the only question before the trial court and on this appeal is whether or not the appellant was driving, or was in possession or in control, of the vehicle.

Act 549 of 1983, codified at Ark. Stat. Ann. § 75-2503 (Supp. 1983) provides:

(a) It is unlawful and punishable as provided in this Act. . .for any person who is intoxicated *to operate or be in actual physical control* of a motor vehicle.

(b) It is unlawful and punishable as provided in this Act for any person *to operate or be in actual physical*

*control* of a motor vehicle if at that time there was 0.10% or more by weight of alcohol in the person's blood. [emphasis added].

Although the evidence that the appellant operated or was in actual physical control of the truck while intoxicated is circumstantial, the question of whether that evidence "excludes every other reasonable hypothesis is for the fact finder to determine." *Boone* v. *State,* 282 Ark. 274, 668 S.W.2d 17 (1984). This court's responsibility is to determine whether the verdict is supported by substantial evidence. *Id.*

We find that it was. We have recently discussed the issue of actual physical control of a vehicle in two cases. In *Dowell* v. *State,* 283 Ark. 161, 671 S.W.2d 740 (1984) we found the appellant was not in control where he was found asleep in his car with the motor off, in the driveway of a business and with the car keys in the vehicle seat. We said, "He may not have been the person who drove the vehicle to where it was parked. If he drove it to the place where it was found he may have become intoxicated later."

This case is distinguishable in that here, the appellant in his statement to the officer admitted that he was coming from Jonesboro and he was the only person around the vehicle. Therefore the court was justified in believing that he had operated and was in actual physical control of the truck until he became stuck on the median.

In *Wiyott* v. *State,* 284 Ark. 399, 683 S.W.2d 220 (1985), the appellant and a companion were found asleep in a parked vehicle. When the officer awoke them, the appellant reached for the key which was in the ignition and attempted to start the vehicle.

This court affirmed the finding of guilt stating, "There is no evidence that any one else had control over the automobile. We think the evidence in this case indicates that appellant was as much in control of his vehicle as an intoxicated person could be."

The evidence in this case necessitates a similar con-

clusion. The appellant was the only person at the scene who was likely to have been in control of the truck.

Actual control of a vehicle may be proved by circumstantial evidence. The officer need not see the driver operating the car in order to have reasonable cause to believe he was doing so. 7A Am Jur 2d *Automobiles & Highway Traffic* § 300 p. 483-84 (1980).

This court has not previously been presented with a situation similar to the present one, where the appellant is outside of his vehicle with the motor turned off and the location of the keys to the automobile is uncertain. The New Jersey court in *State* v. *Prociuk,* 145 N.J. Super 570, 368 A.2d 436 (1976) stated that there are three ways to prove operation of a motor vehicle. They are (1) observation by the officer; (2) evidence of intent to drive after the moment of arrest; or (3) a confession by the defendant that he was driving.

In *Prociuk* an officer was called to a turnpike exit where he saw the appellant near a toll booth with his van parked on the other side of the booth. The appellant, who was intoxicated, told the officer he had just run out of gas. The New Jersey court found that the appellant's statement amounted to a confession because of the word "just" which implied that he had recently been driving. Applying the same test here, the appellant's statement to the officer that he had come from Jonesboro and that he was the only person around the vehicle is considered a confession of use and control of the vehicle.

The appellant's admissions coupled with other circumstantial evidence lead to only one logical conclusion: the appellant was in actual physical control of his vehicle while intoxicated.

Affirmed.