Tony Lynn SNYDER *v.* CITY OF DeWITT

CA CR 85-27                                           692 S.W.2d 273

Court of Appeals of Arkansas
Division I
Opinion delivered July 3, 1985

*Malcomb R. Smith*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen. for appellee.

JAMES R. COOPER, Judge. In this criminal case, the appellant was convicted of DWI and sentenced to pay a fine of $450.00, serve one day in the county jail (less credit for time served) and his driver's license was suspended for 90 days. From that decision, comes this appeal.

On February 24,1984, DeWitt police officer Moses Turner responded to an accident report and found an unattended truck in a ditch. Shortly thereafter, the appellant and another individual, Charles Peoples, arrived in another vehicle. They attempted to tow the truck from the ditch. Officer Turner testified that the appellant informed him that he had been operating the vehicle when it ran into the ditch. He also testified that he could smell alcohol on the appellant's breath. He testified that there were no other physical indications that the appellant was intoxicated. The officer testified that the appellant registered 0.10% on the breathalyzer and, based on that fact, he charged the appellant with DWI.

At that point in the trial, the city rested, and the appellant made several motions. First, the appellant asked the court to strike the breathalyzer test results since, he alleged, the machine was not working properly. Second, he moved to strike any testimony concerning statements made by the appellant because he had not been advised of his *Miranda* rights when he made the statements. Third, the appellant moved to dismiss because there was no corroboration of the appellant's confession to the officer that he had been driving the vehicle. The court took the motions under advisement and the record does not include any indication that the court ruled on the motions, other than the fact that the appellant was found guilty.

The appellant argues on appeal that there was no

evidence corroborating his alleged confession at the scene of the accident. The confession, according to the officer, consisted of the appellant's statement that he had been driving the vehicle. The appellant denied having made that statement to the officer. Arkansas Statutes Annotated, Section 43-2115 (Repl. 1977), provides that "[a] confession of a defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that such an offense was committed." We hold that the appellant's alleged statement that he had driven the vehicle into the ditch merely constituted an admission of one element of the offense and not a confession. A statement amounts to a "confession" only if there is an admission of guilt as to the commission of a criminal act. *Workman* v. *State*, 267 Ark. 103, 589 S.W.2d 21 (1979). The appellant, according to the alleged statement, only admitted to operating the vehicle, not to operating it while intoxicated.

The appellant also argues that the trial court erred in admitting into evidence his alleged statement that he had driven the vehicle into the ditch. His argument is based on the premise that the admission was elicited before he was given his *Miranda* rights. We do not agree. The record in this case reveals that, almost immediately upon his arrival at the accident scene, the appellant admitted that he drove the vehicle into the ditch. The arresting officer appears to have been the only law enforcement officer present at the scene, and there were several spectators present during the investigation. The appellant would not have been justified in believing that he was in custody at the time the officer asked who had been driving the vehicle. The appellant's inculpatory statement was not made while he was "in custody," or while he was the subject of a "custodial interrogation". The circumstances at the time the statement was allegedly made were not sufficient to exert such pressure on him so as to impair the exercise of his privilege against self incrimination and require him to be advised of his constitutional rights to remain silent and to have an attorney present during questioning. *Berkemer* v. *McCarty*, 468 U.S. ___, 82 L.Ed.2d 317 (1984).

We find no error, and therefore we affirm.

Affirmed.

CRACRAFT, C.J., and CORBIN, J., agree.