George J. HODGE *v.* STATE of Arkansas

CA CR 88-165                    766 S.W.2d 619

Court of Appeals of Arkansas
Division I
Opinion delivered March 22, 1989

*Scott Adams*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Judge. George J. Hodge appeals from his conviction of driving while intoxicated, fourth offense, for which he was sentenced to a term of one year in the Arkansas Department of Correction and fined $900.00. We find sufficient merit in one assignment of trial error to warrant a new trial.

Appellant first challenges the sufficiency of the evidence to support his conviction. We decide that issue before considering any alleged trial error for the reasons stated in *Harris v. State*, 284 Ark. 247, 681 S.W.2d 334 (1984). In reviewing the sufficiency of the evidence, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the jury's verdict, without weighing it against conflicting evidence that may be favorable to the accused, and will affirm the jury's verdict if it is supported by substantial evidence. *Westbrook v. State*, 286 Ark. 192, 691 S.W.2d 123 (1985).

The evidence most favorable to the State shows that at approximately midnight a police officer observed a vehicle parked on the side of the road with smoke pouring out from under its hood. Upon investigation, he observed that the key was in the ignition, that the motor was running, and that the appellant was positioned with his feet on the driver's side and his body "keeled over" towards the passenger side. When the officer pulled appellant from the vehicle, appellant could not tell him his name and had no driver's license. There was a smell of alcohol about his

person and other indications that the appellant was intoxicated. The officer then placed him under arrest for driving while intoxicated.

Arkansas Code Annotated § 5-65-103 (1987) (formerly Ark. Stat. Ann. § 75-2503 (Repl. 1985)) declares it to be unlawful for an intoxicated person to operate or be in actual physical control of a motor vehicle. The object of this legislation is to prevent intoxicated persons from not only driving on the highways, but also from having such control over a motor vehicle that they may become a menace to the public at any moment by driving it. This statute does not require that the police officers actually see an intoxicated person drive the vehicle or exercise his control over it. In a prosecution for driving while intoxicated, actual control of the vehicle by the defendant may be proved by circumstantial evidence. *Altes* v. *State*, 286 Ark. 94, 689 S.W.2d 541 (1985); *Azbill* v. *State*, 285 Ark. 98, 685 S.W.2d 162 (1985). In *Roberts* v. *State*, 287 Ark. 451, 701 S.W.2d 112 (1985), the court held that evidence that an intoxicated appellant was found asleep behind the wheel of a car with the ignition key turned on is sufficient to sustain a conviction of being in control of the vehicle. Here, appellant concedes that he was intoxicated, and, as the officer testified that the appellant was found in the driver's position with the engine actually running, the jury could properly have concluded that he was in actual physical control of a motor vehicle.

Arkansas Code Annotated § 5-65-111(3) (1987) (formerly Ark. Stat. Ann. § 75-2511 (Supp. 1985)) provides that a person who is found guilty of driving or being in control of a vehicle while intoxicated may be sentenced to a term of not less than one nor more than six years for the fourth offense occurring within three years of the first offense. Here, there was introduced into evidence three certified copies of municipal court judgments tending to prove previous convictions of committing the offense of driving while intoxicated within the last three years. Also introduced was a certified copy of a judgment of the circuit court of Conway County, entered after the municipal court judgments, showing that appellant had appeared with his attorney and entered a plea of guilty to "fourth offense DWI." We cannot conclude from our review of the record that the evidence was not sufficient to support a finding of guilt of the underlying charge of

operating or being in control of a motor vehicle while intoxicated or that appellant had previously committed the same offense on three prior occasions within three years of the offense for which he was being tried.

Appellant's defense was based on testimony that a companion, not he, had driven the vehicle to the location where the officer found it. The companion testified that, although the vehicle was owned by appellant, appellant had not driven it but was passed out on the backseat when the automobile became inoperable and "would not move" due to transmission problems. The companion testified that he left the car on the side of the road and went for help approximately an hour before the police officer made the arrest.

Over appellant's objection, the trial court instructed the jury as follows:

> If you find that the defendant was located behind the wheel of a motor vehicle, operable or not, with the keys in the ignition and the motor running, then you *will* find that he is in actual physical control of a motor vehicle.

(Emphasis added). Appellant argues on appeal that the issue of whether he had driven the vehicle or was or had been in control of it within the meaning of the act was a question of fact for the jury to determine from the circumstantial evidence it had before it. He contends that it was error for the court to remove that issue from the consideration of the jury by a binding instruction. We agree that this was prejudicial error for which a new trial is warranted.

When a binding instruction contains an erroneous statement of the law or ignores an essential issue of the case, it constitutes prejudicial error. *Moore* v. *State*, 252 Ark. 526, 479 S.W.2d 857 (1972). As previously stated in this opinion, it is not necessary for there to be direct evidence that the accused actually drove or attempted to drive the vehicle. The fact finder may infer actual physical control from circumstantial evidence that the accused was behind the wheel with the keys in the ignition. *See Roberts* v. *State, supra; Altes* v. *State, supra; Azbill* v. *State, supra; Wiyott* v. *State*, 284 Ark. 399, 683 S.W.2d 220 (1985). None of those cases, however, hold that proof of those circumstances establishes that element of the offense as a matter of law.

They hold only that proof of such facts constitutes substantial evidence to support such a finding, i.e., that a jury may infer from those facts that the accused person was in actual physical control of the vehicle. Nor do any of those cases hold that a vehicle's operability is irrelevant to the issue of actual physical control, as this instruction informed the jury, and we think it possible for a vehicle to be so incapable of operation that subsequent control over it would fall outside the purview of the statute. Whether the State had established that appellant was in actual physical control in this case was a matter for the jury to determine based on all the facts and circumstances before it, and we conclude that it was error for the court to instruct the jury that it must find against appellant on this element of the offense if it found that circumstances existed from which an inference of this element could be drawn.

We find no merit in the State's argument that appellant's argument that the instruction was faulty was not properly preserved by objection in the trial court. While the record does sustain the State's argument that the appellant initially objected to the instruction on the ground that it was abstract because there was no evidence to establish that the appellant was actually behind the wheel, we think it clear from the entire discussion between the court and counsel on that instruction that the issue was properly preserved. Subsequent to his initial objection, appellant objected on the ground that "I think it should be left up to the jury, and whether—and using their common, every day sense. Is a person in control of a vehicle, just because he's sitting in it or layin' down in it and the thing is running?" Counsel also pointed out to the court in this argument that, although the engine was running, there was evidence that the vehicle could not have been operated, and that he did not think the jury should be instructed that it could not consider that issue.

After the jury returned its verdict of guilt on the underlying offense, the trial court told the jury that appellant had four prior convictions for the same offense:

> So, your finding of the conviction was actually a conviction of a fifth offense, but fourth offense is as high as you go. From fourth on—fourth, fifth, sixth, seventh is—the punishment is the same.

Appellant now argues for the first time that the judge erred in informing the jury that there were four prior convictions because this deprived him of a jury trial on the issue of that element of the offense. As we do not consider issues raised for the first time on appeal, we do not base our reversal of this case on this issue. *Hughes* v. *State*, 295 Ark. 121, 746 S.W.2d 557 (1988). However, due to the likelihood that this error could occur again on retrial, we note that the fact of prior convictions is an element of the crime of driving while intoxicated, fourth offense, and is to be determined by the jury. *Peters* v. *State*, 286 Ark. 421, 692 S.W.2d 243 (1985). The court must determine the admissibility of the evidence of prior convictions, but it is up to the jury to determine that the evidence in fact establishes that element of the offense.

▮ Appellant next contends that the trial court erred in sustaining the prosecutor's objection to a question asked of the arresting officer on cross-examination. We do not address this issue because, as the record neither reflects a proffer of what the officer's answer would have been nor makes the substance of the excluded testimony apparent, we cannot determine whether its rejection was prejudicial. *See Teas* v. *State*, 23 Ark. App. 154, 744 S.W.2d 739 (1988); Ark. R. Evid. 103(a)(2).

Although the appellant alleges other trial errors, we do not address them because we do not think it likely that the issues will arise on retrial.

Reversed and remanded.

JENNINGS and MAYFIELD, JJ., agree.