David A. COOK *v.* STATE of Arkansas

CA CR 91-22                                    823 S.W.2d 916

Court of Appeals of Arkansas
En Banc
Opinion delivered January 22, 1992

*James B. Bennett*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Pamela Rumpz*, Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. The appellant in this criminal case was convicted of DWI in El Dorado Municipal Court. He appealed to circuit court and, after a *de novo* bench trial, was found guilty of DWI, first offense; sentenced to 120 days in jail with 119 suspended; fined $300 plus costs; ordered to attend a DWI program; and had his driver's license suspended for ninety days. From the decision, comes this appeal.

For reversal, the appellant asserts that there was insufficient evidence to support a finding that he was in control of the vehicle, and that the trial court erred in denying his motion to suppress the results of a breathalyzer test. We agree with the appellant's first contention, and we reverse and remand.

As required by the Arkansas Supreme Court's decision in *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984), when there is a challenge to the sufficiency of the evidence, the appellate court is required to review that point prior to considering any alleged trial error. *See Gomez* v. *State*, 305 Ark. 496, 809 S.W.2d 809 (1991). On appeal in criminal cases, whether tried by a judge or jury, we review the evidence in the light most favorable to the State and affirm if there is any substantial evidence to support the trial court's judgment. *Ryan* v. *State*, 30 Ark. App. 196, 786

S.W.2d 835 (1990). To be substantial, the evidence must be of sufficient force and character to compel a conclusion one way or the other with reasonable certainty; it must induce the mind to go beyond mere suspicion or conjecture. *Lair* v. *State*, 19 Ark. App. 172, 718 S.W.2d 467 (1986).

Viewed in the light most favorable to the appellee, the evidence shows that Officer Terry Canterbury of the El Dorado Police Department was dispatched to investigate a one-vehicle accident on July 15, 1989. When he arrived at the scene, Officer Canterbury observed that an automobile had struck a tree after crossing a set of railroad tracks. He first assessed the damage to the automobile and, while doing so, noticed an odor of alcohol in the vehicle. Officer Canterbury then walked over to a group of people which included the appellant, the appellant's girlfriend, and two other people who were helping them. Suspecting that alcohol might be involved in the accident, Officer Canterbury noticed that the appellant had an odor of alcohol on his breath, had a flushed appearance, and spoke rapidly in response to the officer's questions. Officer Canterbury stated that, once he detected the odor of alcohol on the appellant's breath, the appellant was not free to leave although he had not yet been formally arrested. Officer Canterbury also stated that he asked the appellant if he had been driving the car, and that the appellant admitted that he had been driving when the accident occurred. However, at trial the appellant moved in limine to suppress the statements given to Officer Canterbury on the grounds that he had not been given the warnings required by *Miranda* v. *Arizona*, 384 U.S. 436 (1966) and the trial court granted the motion. On cross-examination, Officer Canterbury stated that he never saw the appellant drive the automobile.

██ Under Ark. Code Ann. § 5-65-103(a) (1987), it is unlawful for any person who is intoxicated to operate or be in actual physical control of a motor vehicle. Operation of a motor vehicle may be proven by (1) observation of the officer; (2) evidence of intent to drive after the moment of arrest; or (3) a confession by the defendant that he was driving. *Azbill* v. *State*, 285 Ark. 98, 685 S.W.2d 162 (1985). In the case at bar, Officer Canterbury testified that he never observed the appellant operating the vehicle; moreover, there was no evidence to show that the appellant intended to drive after the moment of arrest. Finally,

the appellant's admission that he had been driving was suppressed by the trial court and, therefore, was not in evidence. Under these circumstances, we hold that the evidence admitted at trial was insufficient to support a conviction for DWI because there was no evidence showing that the appellant operated or was in actual physical control of the vehicle.

In *Burks* v. *United States*, 437 U.S. 1 (1978), the United States Supreme Court held that the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient to sustain a conviction, as distinguished from trial error. The state, however, argues that the trial court committed error in granting the appellant's motion to suppress the appellant's statement in which he told Officer Canterbury that he was the driver of the vehicle, and thus contends that the case should be remanded for retrial under our supreme court's decision in *Crutchfield* v. *State*, 306 Ark. 97, 104, 816 S.W.2d 884 (1991) (supplemental opinion granting rehearing).

In *Crutchfield, supra*, the supreme court had determined that the evidence presented at trial was insufficient to support the appellant's conviction, but the court also concluded that the trial court had erred in excluding expert testimony offered by the state. In its opinion on rehearing, although recognizing that retrial is prohibited on grounds of double jeopardy when a conviction is reversed for evidentiary insufficiency, the court ruled that when the state offers sufficient evidence and a portion of it is erroneously excluded the defendant may be retried without offending the right against being placed twice in jeopardy. Consequently, the case was remanded for a new trial on a holding that the evidence would have been sufficient had the state's expert testimony been properly admitted at trial.

In order to determine whether the decision in *Crutchfield, supra*, is applicable to this case, we must first decide whether the trial court erred in excluding appellant's statement. In his argument for suppression before the trial court, appellant contended that he was "in custody" at the time he made the incriminating statement, but had not been advised of his *Miranda* rights. We do not agree that the statement was a product of custodial interrogation so as to warrant its exclusion at trial.

■ The warnings required by *Miranda* v. *Arizona, supra,* come into play only when the defendant is subjected to custodial interrogation or its functional equivalent. *Bennett* v. *State,* 302 Ark. 179, 789 S.W.2d 436 (1990). *Miranda* warnings are not required if the questioning by police is simply investigatory. *Shelton* v. *State,* 287 Ark. 322, 699 S.W.2d 728 (1985). To determine whether or not one has been subjected to custodial interrogation so as to require the giving of *Miranda* warnings, in *Shelton* v. *State, supra,* the supreme court set forth the following test:

> It is settled that the safeguards prescribed by *Miranda* become applicable as soon as a suspect's freedom of action is curtailed to a degree associated with formal arrest. A policeman's unarticulated plan has no bearing on the question whether a suspect was "in custody" at a particular time; the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation.

*Shelton,* 297 Ark. at 328-29, 699 S.W.2d at 731 (quoting *Berkemer* v. *McCarty,* 468 U.S. 420 (1984)).

■ The circumstances in the present case are not unlike those found in *Snyder* v. *City of Dewitt,* 15 Ark. App. 277, 692 S.W.2d 273 (1985). In *Snyder,* a police officer investigating the scene of an accident was told by the appellant that he had driven the vehicle into the ditch, and we found no error in the trial court's denial of the motion to suppress. Here, although officer Canterbury testified that appellant was not free to leave once he detected the odor of alcohol on appellant's person, there is no indication in the record that the officer communicated this restriction to appellant prior to his arrest. The record reveals that Officer Canterbury was the only policeman in attendance, and there were several spectators present during the investigation which took place on a public highway. As in *Snyder, supra,* we do not think the circumstances here were such that appellant would have been justified in the belief that he was in custody when he told Officer Canterbury that he had been driving the vehicle. Therefore, we hold that the trial court erred in suppressing appellant's inculpatory statement. We also hold that the inclusion of this evidence would render the evidence sufficient to support a conviction.

■ In *Crutchfield, supra*, the court said that the state is entitled to prove its case. Accordingly, we reverse and remand this case for retrial. Therefore, it becomes necessary to address the second issue raised by appellant on appeal.

■ Appellant contends that the results of the breathalyzer test, which showed he had .12% blood alcohol level, should have been suppressed because Officer Canterbury had no reasonable cause to require him to submit to the test. We do not agree. Arkansas Code Annotated § 6-65-203(a) (Supp. 1991) provides that the test "shall be administered at the direction of a law enforcement officer having reasonable cause to believe the person to have been operating or in actual physical control of a motor vehicle while intoxicated or while there was one-tenth of one percent (.10%) or more of alcohol in the person's blood." We believe that appellant's flushed appearance, slurred speech, and uneasiness on his feet, along with Officer Canterbury's detection of the odor of alcohol supplied ample cause for requiring the breath test. *See Elam* v. *State*, 286, Ark. 174, 690 S.W.2d 352 (1985). Therefore, we hold that the trial court did not err in allowing the introduction of the test results.

Reversed and Remanded.

COOPER and DANIELSON, JJ., dissent.

JAMES R. COOPER, Judge, dissenting. While I agree with the majority's decision to reverse the appellant's conviction due to the insufficiency of the evidence, I dissent from its remand to the trial court for a new trial because the appellant will thereby be twice placed in jeopardy. There are two bases for my conclusion. First, our conclusion that the evidence was insufficient should have ended the analysis because this finding is equivalent to acquittal by the trial court. Secondly, the majority opinion glosses over a procedural error, i.e., the State's failure to object to the appellant's untimely suppression motion, which resulted in its failure to preserve for appeal the issue of whether trial error was committed.

Double jeopardy considerations must be addressed when retrial of a criminal defendant arises, and the United States Supreme Court's decisions have foreclosed the disposition of this case arrived at by the majority. It was held in *Burks* v. *United*

*States*, 437 U.S. 1 (1978), that an appellate court's determination that the evidence is insufficient for conviction is tantamount to a verdict of acquittal. Consequently, a State cannot retry a defendant whose case is reversed by a State appellate court because of the insufficiency of the evidence. *Greene* v. *Massey*, 437 U.S. at 25 (1978). The same day the Supreme Court decided *Burks, supra*, it held in *Sanabria* v. *U.S.*, 437 U.S. 54 (1978), that even when an erroneous exclusion of evidence causes the insufficiency of evidence, retrial is barred.

In summary, when the defendant's case is reversed on appeal, retrial is barred by the rule against double jeopardy if the reversal is based upon insufficiency of the evidence, but retrial is not barred if it is based upon procedural error. S. Singer and M.J. Hartman, *Constitutional Criminal Procedure Handbook*, § 16.23 at 590 (1986). Because the case at bar was reversed due to insufficiency of the evidence, retrial is barred and the case should be dismissed regardless of whether the trial court's exclusion of the appellant's statement that he was driving was erroneous.

Arkansas has followed this reasoning. In *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984), our Supreme Court held that, when the sufficiency of the evidence is at issue, it must be addressed before any question of trial error may be decided. The Court of Appeals specifically held in *Ryan* v. *State*, 30 Ark. App. 196, 786 S.W.2d 835 (1990), that an appellate court may not affirm a conviction by considering evidence which the jury did not hear when sufficiency is at issue. Thus, when evidence is excluded it may not be considered on appeal.

Nevertheless, the majority relies on *Crutchfield* v. *State*, 306 Ark. 97, 812 S.W.2d 459 (1991) (supp. op. Oct. 14, 1991), in which our Supreme Court ruled that when the State offers sufficient evidence and a portion of it is erroneously excluded, the defendant may be retried without offending the right against being placed twice in jeopardy. The supplemental opinion in *Crutchfield, supra*, reversed the Court's decision to dismiss, relying on dictum from an Illinois case, *Webster* v. *Duckworth*, 767 F.2d 1206 (7th Cir. 1985). *Webster* did conclude that the double jeopardy clause barred a second trial; however, the majority in *Crutchfield* relied on dictum in which the Illinois

Court distinguished a hypothetical scenario where the first jury should have acquitted on the evidence it heard, unlike *Burks*, where acquittal was based on all the prosecutorial evidence initially presented. In my opinion, the portion of the *Webster* opinion relied on has little or no precedential value.

In the case at bar, the majority's analysis finds the evidence insufficient in accordance with *Harris* v. *State, supra*, disregards the import of that conclusion, and continues to determine whether *Crutchfield* applies by "first [deciding] whether the trial court erred in excluding" the statement. "Trial error," in the double jeopardy analysis, clearly means error which prejudices the defendant, not the State. *Burks, supra*, at 15. Accordingly, because the evidence was insufficient, the case should be reversed and dismissed; but even if the analysis were continued, no "trial error" was committed as only the State may have been prejudiced.

A second basis for dismissal is that the State failed to preserve for appeal the issue of whether the statement by the appellant that he was driving should or should not have been suppressed. Rule 16.2 of the Arkansas Rules of Criminal Procedure provides that objections to the use of evidence, including confessions or admissions of a defendant, shall be made by a motion to suppress evidence filed no later than ten days before the date set for trial unless good cause is shown by the moving party. The appellant did not file a pretrial motion to suppress admission of the statement, but instead moved to suppress it on the day of the trial, offering no explanation for the untimeliness of the motion. The State did not object.

Had the appellant adhered to Rule 16.2, the State would have had the opportunity to bring an interlocutory appeal from an order suppressing the confession under Ark. R. Crim. P. 36.10. Proceedings in the trial court would have been stayed pending the determination of the State's appeal which is especially significant to the State because an interlocutory appeal cannot be taken by the State after jeopardy attaches, i.e., after the jury is sworn in a jury trial, or after the court begins taking evidence at a bench trial. *State* v. *Glenn*, 267 Ark. 501, 592 S.W.2d 116 (1980). As a result of the State's failure to object, it waived any right to an interlocutory appeal.

The manner in which the State's assertion of trial error came before the appellate court for review in *Crutchfield* is not apparent from the opinion, but it is clear that the Supreme Court did not hold that the appellate court in a criminal case was required to address, for the first time on appeal, an assertion of trial error made by the State in the absence of an interlocutory appeal. By addressing the asserted error, the majority has essentially allowed the State to cross-appeal without filing a notice of appeal in accordance with Ark. R. Crim. P. 36.10(b), and even if this procedure were correctly followed, the disposition of this case would not be changed. "In all such cases, regardless of the decision in this Court, the trial had below is a bar to any subsequent trial of the accused for the same offense, the only possible result of the appeal being a ruling by us on questions of law that might serve as a guide in future trials. *State* v. *Harvest*, 26 Ark. App. 241, 762 S.W.2d 806 (1989).

It is a fundamental rule in Arkansas that an assertion of error will not be considered on appeal in the absence of an appropriate objection in the trial court. This rule is applicable to the State, as well as to criminal defendants. *See State* v. *Houpt*, 302 Ark. 188, 788 S.W.2d 239 (1990). The issue of whether the statement's exclusion was erroneous was not properly preserved and therefore, the State may not be heard to complain when it raises issues for the first time on appeal.[1]

DANIELSON, J., joins in this dissent.

---

[1] As recently as January 21, 1992, the Arkansas Supreme Court reaffirmed its holding in *Harris, supra*, by stating that "[w]e review the sufficiency of the evidence prior to the consideration of the other asserted trial errors because, if the evidence is insufficient, the other asserted errors do not matter." *Swanson* v. *State*, 308 Ark. 28, 823 S.W.2d 812 (1992).