Carlie WETHERINGTON *v.* STATE of Arkansas

CR 94-710             889 S.W.2d 34

Supreme Court of Arkansas
Opinion delivered December 12, 1994

*Benny M. Tucker*, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Carlie Wetherington, appeals a judgment of the Clark County Circuit Court convicting him of Driving While Intoxicated, Fourth Offense, fining him $1,000.00, suspending his driver's license for three years, and sentencing him to six years in the Arkansas Department of Correction. Jurisdiction of this case was certified to this court

by the court of appeals upon appellant's motion. Appellant asserts three points for reversal. We find no error and affirm.

First, appellant challenges the sufficiency of the evidence and argues the state failed to prove he either operated or was in physical control of a motor vehicle. Arkansas Code Annotated § 5-65-103 (Repl. 1993) declares it unlawful for an intoxicated person to operate or be in actual physical control of a motor vehicle. This statute does not require that law enforcement officers actually witness an intoxicated person driving or exercising control of a vehicle. It is well-settled that the state may prove by circumstantial evidence whether a person operated or was in actual physical control of a vehicle. *See, e.g., Azbill* v. *State*, 285 Ark. 98, 685 S.W.2d 162 (1985).

It is also well-settled that circumstantial evidence may constitute substantial evidence to support a jury's verdict of guilt if the circumstantial evidence rules out every other reasonable hypothesis but the guilt of the accused. *Davis* v. *State*, 314 Ark. 257, 863 S.W.2d 259 (1993), *cert. denied*, 114 S. Ct. 1417 (1994); *Perry* v. *State*, 277 Ark. 357, 642 S.W.2d 865 (1982), *cert. denied*, 493 U.S. 959 (1989). However, the question of whether the circumstantial evidence indeed excludes every other reasonable hypothesis but the guilt of the accused is a question to be resolved by the finder of fact. *Azbill*, 285 Ark. 98, 685 S.W.2d 162. Our responsibility, as the reviewing court, is to determine whether the jury verdict is supported by substantial evidence. *Id.*

Gary Turner testified that he was driving home from church on Wednesday evening, December 15, 1993, when he saw a car parked in a ditch along Highway 26 outside Arkadelphia, Arkansas. He observed that the lights were on and the engine was running. He stated that he turned his car around so his car's headlights would shine on the parked car. He saw only one person in the car — a body slumped over the steering wheel, with the hands resting on the wheel and the head down, motionless. Turner stated he called the sheriff on his car phone, at which time he saw the person in the car get out, stagger three or four steps, and fall to the ground. Turner testified he exited his car to assist the person and wait for the police. Turner stated the police arrived and assisted the person into the police vehicle. Turner

then left the scene. Clark County Deputy Sheriff Rodrick Cooper testified he arrived on the scene and found appellant lying on the ground face up with Turner kneeling beside appellant. Deputy Cooper smelled alcohol on appellant, assisted him into the police vehicle, and arrested appellant for driving while intoxicated (DWI).

■■ This court has held that evidence that an intoxicated person was asleep behind the wheel of a car with the key in the ignition was sufficient to show the person accused was in control of a vehicle. *Roberts* v. *State*, 287 Ark. 451, 701 S.W.2d 112 (1985). Similarly, the court of appeals has held that evidence that an intoxicated person was asleep or "passed out" in the front seat of a vehicle with the lights on and motor running was sufficient to show the person was in control of a vehicle. *Blakemore* v. *State*, 25 Ark. App. 335, 758 S.W.2d 425 (1988). The foregoing testimony establishes appellant's hands were on the steering wheel of a vehicle with the motor running and the lights on. Consequently, we have no hesitancy in concluding the foregoing testimony is substantial evidence from which the jury could have concluded appellant was in actual physical control of a vehicle.

■ Appellant emphasizes that Turner's testimony conflicts with Deputy Cooper's testimony on the point of whether the motor was running and the lights were on. In reviewing the sufficiency of the evidence, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the appellee, without weighing it against conflicting evidence that may be favorable to the appellant, and affirm the verdict if it is supported by substantial evidence. *Westbrook* v. *State*, 286 Ark. 192, 691 S.W.2d 123, *cert. denied*, 474 U.S. 1006 (1985). Here, we do not weigh the conflicting evidence, but view the evidence most favorably to the state. There was substantial evidence to support the verdict as appellant was in actual physical control of a motor vehicle.

Second, appellant argues he was denied a fair trial because of the following comment made by the prosecutor during closing argument:

> In this case, the law calls for somebody in physical control. You're in physical control when you're behind the wheel with the engine running and the lights on. You're in

physical control of that vehicle. *The reason we have this law is so people won't be out there killing our kids* —[.] [Emphasis added by appellant.]

Appellant contends this comment was an attempt to inflame the minds of the jurors and appeal to their passions and prejudices. Appellant emphasizes there was no evidence that appellant was out to "kill our kids" as the prosecutor implied; thus, argues appellant, when the court overruled appellant's objection to the comment, he was denied a fair trial. The state contends the remark of which appellant complains falls well short of any error or prejudice requiring reversal. We agree with the state.

■■ The trial court is given broad discretion to control counsel in closing arguments and this court does not interfere with such discretion absent a manifest abuse of it. *Littlepage* v. *State*, 314 Ark. 361, 863 S.W.2d 276 (1993). Remarks made during argument that require reversal are rare and require an appeal to the jurors' passions. *Neff* v. *State*, 287 Ark. 88, 696 S.W.2d 736 (1985). There was no such appeal made in this case. As stated in the emergency clause of Act 549 of 1983, one of the purposes of the DWI Omnibus Act is public safety. This court has recognized that purpose by stating that prosecution for DWI can occur where it is necessary to protect the public interest. *Fitch* v. *State*, 313 Ark. 122, 853 S.W.2d 874 (1993). Even though this case was fortunately a single car accident, the potential for public harm still existed. The prosecutor's remark went to the issue of public safety and was therefore fair argument. The trial court did not err in overruling the objection.

Third, appellant contends the judgment against him is void because the felony information did not conclude with a *contra pacem* clause, "Against the peace and dignity of the State of Arkansas," as is required by our state constitution. Ark. Const. art. 7, § 49. The state contends that appellant has waived this argument because it is raised for the first time on appeal. Appellant responds that the lack of a *contra pacem* clause leaves the circuit court without subject matter jurisdiction, thus this argument may be presented for the first time on appeal.

■ Appellant cites no binding authority in support of the jurisdictional contention, but does cite *Lemons* v. *State*, 4 W. Va. 755 (1870), and *Rice* v. *State*, 50 Tenn. 215 (1871), which hold

that *contra pacem* clauses are constitutional rights and requirements, and therefore may be raised for the first time on appeal. We find these authorities unpersuasive. This court has repeatedly held that even constitutional rights are waived on appeal if not argued below. *See, e.g., Kittler* v. *State*, 304 Ark. 344, 802 S.W.2d 925 (1991).

This court has repeatedly held that each count of an indictment or information must conclude with a *contra pacem* clause. *See, e.g., Caldwell* v. *State*, 295 Ark. 149, 747 S.W.2d 99 (1988). In *Prince* v. *State*, 304 Ark. 692, 805 S.W.2d 46 (1991), *cert. denied*, 114 S. Ct. 1857 (1994), we reasoned that, pursuant to Ark. Code Ann. § 16-85-705 (1987), the insufficiency of an indictment or information must be challenged prior to trial, and held that appellant Prince had waived his *contra pacem* clause argument because it was first raised in a post-trial motion. Appellant argues his case is distinguishable from *Prince* because the information filed against appellant Prince contained a *contra pacem* clause, but did not conclude each count with such a clause, while the information filed against appellant failed to contain a *contra pacem* clause at all. The distinction is of no consequence.

This court has stated that a conviction upon a charge not made results in a denial of due process. *Hedrick* v. *State*, 292 Ark. 411, 730 S.W.2d 488 (1987); *see Hagen* v. *State*, 315 Ark. 20, 864 S.W.2d 856 (1993). This court has also stated that certiorari lies when a circuit court *exceeds* its jurisdiction when it sentences a criminal defendant to a greater crime than that with which he or she was charged. *Switzer* v. *Golden*, 224 Ark. 543, 274 S.W.2d 769 (1955). However, this court has never stated that the inclusion of the *contra pacem* clause in an indictment or information is a condition precedent to the circuit court's obtaining subject matter jurisdiction of a case. Rather, as stated in *Prince*, the inclusion of a *contra pacem* clause goes to the sufficiency of the charging instrument, and must be raised prior to trial to be preserved for appellate review. *Prince*, 304 Ark. 692, 805 S.W.2d 46 (citing *Rogers* v. *State*, 289 Ark. 257, 711 S.W.2d 461 (1986)).

We find no error and affirm the judgment.