Cite as 2019 Ark. App. 546

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR-19-506

| | |
|---|---|
| ROBERT GAUTREAUX<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered**   November 20, 2019<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CR-18-66]<br><br>HONORABLE MARCIA R. HEARNSBERGER, JUDGE<br><br>AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Appellant Robert Gautreaux was convicted by a Garland County jury of driving while intoxicated (fourth offense) and reckless driving. Gautreaux appeals and challenges the sufficiency of the evidence to support each conviction, contending solely that the State failed to prove that he was the driver of the vehicle. We affirm.

Appellant's argument on appeal stems from his assertion that the circuit court erred in denying his motion for directed verdict, which is treated as a challenge to the sufficiency of the evidence. *Marshall v. State*, 2017 Ark. 347, 532 S.W.3d 563. The test for determining the sufficiency of the evidence is whether the verdict was supported by substantial evidence, direct or circumstantial. *Id.* Substantial evidence is evidence of sufficient force and character that it compels a reasonably certain conclusion without resorting to speculation or conjecture. *Id.* Determinations as to the credibility of the witnesses and resolutions of any inconsistent evidence are left to be made by the jury. *Id.* The jury is free to believe all or

part of any witness's testimony. *Id.* In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State and consider only evidence that supports the verdict. *Id.*

On the morning of December 16, 2017, Arkansas State Trooper Ryan Wingo responded to a single-vehicle rollover accident on Mountain Pine Road in Garland County. The trooper observed a damaged pickup truck on the shoulder of the road, and appellant was at the rear of an ambulance. Appellant told the trooper in detail what happened: he was the driver and sole occupant of the pickup truck; appellant crossed into the opposite lane of traffic and hit a ditch; the truck began to roll and ultimately ended upright on the shoulder of the road. The trooper smelled an odor of intoxicants emanating from appellant, and appellant's speech was slurred. After he was given a portable breath test, appellant was arrested. Appellant told a person on the scene to take care of the pickup truck and ensure that it was towed. Appellant was transported to the Garland County Detention Center, and a breath test administered there indicated that appellant had a .128 percent blood-alcohol content.

The jury found appellant guilty, and this appeal resulted. Appellant contends that there was no direct evidence to prove that he was the driver and that the circumstantial evidence did not exclude every other reasonable hypothesis than that he was the driver. Appellant asserts that the State's only witness, the trooper, reasonably *assumed* that appellant was the driver but that this cannot constitute proof beyond a reasonable doubt. Appellant argues that for this reason, the circuit court erred in denying his motions for directed verdict and in allowing the case to go to the jury. We disagree.

Evidence of guilt is not less simply because it is circumstantial. *Lawshea v. State*, 2019 Ark. 68, 567 S.W.3d 853. Circumstantial evidence may provide a basis to support a conviction if it is consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Id.* Whether circumstantial evidence excludes every other reasonable hypothesis consistent with innocence is a question for the jury. *Id.* The driving-while-intoxicated statute does not require law enforcement officers to actually witness an intoxicated person driving or exercising control of a vehicle. *Cooley v. State*, 2011 Ark. App. 175; *Springston v. State*, 61 Ark. App. 36, 962 S.W.2d 836 (1998). The State may prove by circumstantial evidence that a person operated or was in actual physical control of a vehicle. *Wetherington v. State*, 319 Ark. 37, 889 S.W.2d 34 (1994). One method for the State to prove that the defendant was operating a motor vehicle is a confession by the defendant that he was driving. *See Azbill v. State*, 285 Ark. 98, 685 S.W.2d 162 (1985).

The circumstantial evidence here was compelling. Appellant admitted to the trooper that he was the driver and sole occupant of this truck involved in a single-vehicle rollover accident, he was the only person being assessed by medical personnel at the scene, and he asked someone at the scene to ensure that the truck was towed. The jury did not have to resort to speculation and conjecture to find that appellant was the driver of the vehicle.

Affirmed.

ABRAMSON and GLADWIN, JJ., agree.

*Davis Firm, PLLC*, by: *Jason R. Davis*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.