
SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-14-866

|  |  |
|---|---|
| | **Opinion Delivered** June 17, 2015 |
| GERALD JERMAINE ALLEN<br>APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. CR-13-467] |
| V. | |
| | HONORABLE RALPH WILSON, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | |
| | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

**WAYMOND M. BROWN, Judge**

A Crittenden County jury found appellant Gerald Allen guilty of aggravated assault, and he was sentenced as a habitual offender to nine years' imprisonment.[1] Allen's counsel has filed a motion to withdraw and a no-merit brief pursuant to *Anders v. California*[2] and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals. Our clerk provided Allen with a copy of counsel's brief and motion, and notified Allen of his right to file pro se points for reversal. Allen has not submitted any points for reversal. We order rebriefing and deny counsel's motion to withdraw.

---

[1]Appellant was also charged with arson, but that charge resulted in a mistrial due to a hung jury.

[2]386 U.S. 738 (1967).

Arkansas Supreme Court Rule 4–2[3] sets forth the requirements for the contents of appellate briefs. Rule 4–2(a)(5)(B) requires that "[n]o more than one page of transcript shall be abstracted without giving a record page reference." Appellant's abstract violates this rule in several instances, abstracting as many as five pages before giving a range of record pages.

Our rules require that the statement of the case "must include supporting page references to the abstract or addendum or both."[4] Here, appellant has failed to cite to the abstract or addendum in the statement of the case.

According to Arkansas Supreme Court Rule 4–2(a)(7), references in the argument "shall be followed by a reference to the page number of the abstract or addendum at which such material may be found." Appellant makes arguments in his brief without providing a reference to the page number at which the material may be found. Therefore, appellant needs to correct this omission.

Other deficiencies include: (1) appellant's reference to a revocation proceeding in the argument heading, when this was a jury trial, not a revocation; (2) appellant's failure to note the basis of the directed-verdict motions made during the proceeding; and (3) appellant's failure to address at least one adverse ruling.

Due to these deficiencies, we order rebriefing and deny counsel's motion to withdraw. Counsel has fifteen days from the date of this opinion to submit a substituted abstract, brief,

---

[3] (2014).

[4] Ark. Sup. Ct. R. 4–2(a)(6).

and addendum that complies with our rules.[5]  We remind counsel that the examples we have noted are not to be taken as an exhaustive list of deficiencies.  Counsel should carefully review the rules to ensure that no other deficiencies exist.

Rebriefing ordered; motion to withdraw denied.

GLADWIN, C.J., and VIRDEN, J., agree.

*S. Butler Bernard, Jr.*, for appellant.

No response.

---

[5]*See* Ark. Sup. Ct. R. 4–2(b)(3).