# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–14–866

| | |
|---|---|
| | **Opinion Delivered**   October 21, 2015 |
| GERALD JERMAINE ALLEN<br>APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR-13-467] |
| V. | |
| | HONORABLE RALPH WILSON, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | |
| | AFFIRMED; MOTION TO WITHDRAW GRANTED; REMANDED WITH INSTRUCTIONS TO CORRECT SENTENCING ORDER |

**WAYMOND M. BROWN, Judge**

A Crittenden County jury found appellant Gerald Allen guilty of aggravated assault, and he was sentenced as a habitual offender to nine years' imprisonment.[1] Appellant's counsel has filed a motion to withdraw and a no-merit brief pursuant to *Anders v. California*[2] and Rule 4–3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals. The clerk of this court provided appellant with a copy of counsel's brief and motion, and notified appellant of

---

[1]Appellant was also charged with arson, but that charge resulted in a mistrial due to a hung jury.

[2]386 U.S. 738 (1967).

his right to file pro se points for reversal. Appellant has not submitted any points for reversal.[3]

A request to be relieved as counsel on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and addendum.[4] The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the trial court with an explanation as to why each adverse ruling is not a meritorious ground for reversal.[5] It is imperative that counsel follow the appropriate procedure when filing a motion to withdraw as counsel.[6] In furtherance of the goal of protecting constitutional rights, it is both the duty of counsel and of this court to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous.[7]

From our review of the record and the brief presented to us, we hold that counsel has complied with Rule 4–3(k)(1) and agree that there is no merit to an appeal. Therefore, we affirm appellant's conviction and grant counsel's motion to withdraw. However, we note that, in the sentencing order, the trial court indicated that appellant was found guilty by the court and sentenced by the court. This was a jury trial, and the court accepted the jury's

---

[3]This is the second time this case has been before us. We initially denied counsel's motion to withdraw and ordered rebriefing due to deficiencies. *Allen v. State*, 2015 Ark. App. 415.

[4]Ark. Sup. Ct. R. 4–3(k)(1).

[5]*Id.*

[6]*Brown v. State*, 85 Ark. App. 382, 155 S.W.3d 22 (2004).

[7]*Campbell v. State*, 74 Ark. App. 277, 47 S.W.3d 915 (2001).

sentence recommendation. Therefore, we remand to the trial court with instructions to correct the sentencing order.

Affirmed; motion to withdraw granted; remanded with instructions to correct sentencing order.

ABRAMSON and HARRISON, JJ., agree.

*S. Butler Bernard, Jr.*, for appellant.

No response.