

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–15–544

DETRIC DESHUN WILSON

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**OPINION DELIVERED** DECEMBER 16, 2015

APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION
[NO. CR-14-154]

HONORABLE HERBERT WRIGHT, JUDGE

AFFIRMED

## ROBERT J. GLADWIN, Chief Judge

Appellant Detric Wilson appeals his conviction by a Pulaski County jury on a charge of Class B felony theft of property[1] for which he was sentenced as a habitual offender to a term of forty years in the Arkansas Department of Correction and ordered to pay $25,000 in fines. For his sole point on appeal, Wilson claims that the evidence was insufficient to prove that the jewelry he stole from a K–Mart store had a value of at least $25,000. Because Wilson's argument is not preserved for appeal, we affirm.

The State's evidence presented at trial established that on the evening of December 11, 2013, Wilson entered a K–Mart department store, hid inside the store overnight and, on the morning of December 12, 2013, broke into a jewelry case, stole 105 pieces of jewelry,

---

[1]Wilson was also convicted of commercial burglary, but he does not challenge that conviction on appeal.

and then left the store. The State's proof of the market value of the stolen jewelry was provided by the testimony of Cheryl James, a K-Mart employee. Ms. James worked in the jewelry department of the K-Mart store at issue in December 2013. Ms. James testified at trial on direct examination that she was familiar with the inventory in K-Mart's jewelry department. She testified that on the morning of December 12, 2013, a jewelry case in the store had been broken into and that pieces of jewelry were missing. In order to determine what pieces of jewelry were missing, Ms. James testified that she performed an audit of the jewelry and described the audit process and the determination of the market value of the missing jewelry. On cross-examination, Ms. James testified briefly about the audit she had made of the jewelry. She stated that the audit did not show the wholesale price that K-Mart paid for the jewelry, but showed only the retail price K-Mart's customers paid for each piece of jewelry.

On appeal, Wilson argues that there is insufficient evidence supporting his Class B felony theft-of-property conviction. Specifically, he argues that the State failed to introduce substantial evidence that the property at issue had a market value of $25,000 or more at the time Wilson allegedly exercised unauthorized control over the property. However, when Wilson made his directed-verdict motion with respect to the theft-of-property charge at trial, he merely stated, "I don't believe the State has made a prima facie case on the theft charge as well."

A directed-verdict motion is a challenge to the sufficiency of the evidence. *Polk v. State*, 82 Ark. App. 210, 105 S.W.3d 797 (2003). In a jury trial, a directed-verdict motion

must be made at the close of evidence offered by the prosecution and at the end of all evidence, Ark. R. Crim. P. 33.1(a) (2015), and must state the specific reasons for which the evidence is deficient. *Welch v. State*, 330 Ark. 158, 955 S.W.2d 181 (1997). A motion generally stating that the evidence is insufficient does not preserve specific claims for appeal. *Pratt v. State*, 359 Ark. 16, 194 S.W.3d 183 (2004). Based on Rule 33.1 and in accordance with the holding in *Pratt*, we hold that Wilson's motion was too general to preserve his argument that the State failed to prove the specific element of value. Accordingly, we affirm.

Affirmed.

GLOVER and VAUGHT, JJ., agree.

*Jim Phillips*, Deputy Pub. Def., by: *Clint Miller*, Deputy Pub. Def., for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel H. Kemp*, Ass't Att'y Gen., and *Rafael Gallaher*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the Supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.