
# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–16–285

|  |  |
|---|---|
| | Opinion Delivered: NOVEMBER 9, 2016 |
| GARY BRIAN COGBURN<br>APPELLANT | APPEAL FROM THE HOWARD COUNTY CIRCUIT COURT [NO. 31CR-15-44] |
| V. | HONORABLE CHARLES A. YEARGAN, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED; REMANDED IN PART FOR CORRECTED SENTENCING ORDER |

## KENNETH S. HIXSON, Judge

Appellant Gary Cogburn was convicted in a jury trial of manufacturing marijuana, possession of marijuana, possession of drug paraphernalia, and simultaneous possession of drugs and firearms. Mr. Cogburn was sentenced to a total of thirteen years in prison. On appeal, Mr. Cogburn argues (1) that there was insufficient evidence to support his convictions, (2) that the trial court erred in admitting hearsay testimony, and (3) that the trial court erred in refusing to submit an affirmative-defense jury instruction with respect to the simultaneous-possession charge. We affirm.

When an appellant challenges the sufficiency of the evidence, we review the sufficiency argument prior to a review of any alleged trial errors. *Bohanan v. State*, 72 Ark. App. 422, 38 S.W.3d 902 (2001). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.*

SLIP OPINION

Substantial evidence is evidence forceful enough to compel a conclusion with reasonable certainty without resort to conjecture. *Breedlove v. State*, 62 Ark. App. 219, 970 S.W.2d 313 (1998). We review the evidence in the light most favorable to the State, considering only the evidence that tends to support the verdict. *Morton v. State*, 2011 Ark. App. 432, 384 S.W.3d 585.

Officer Scott Bradshaw testified that he executed a search warrant at Mr. Cogburn's house on April 16, 2015. Over appellant's hearsay objection, Officer Bradshaw was permitted to testify that he had received information from Mr. Cogburn's wife that Mr. Cogburn was growing marijuana at his house, which was the basis for the search. Officer Bradshaw testified that Mr. Cogburn's wife had provided information that Mr. Cogburn was growing marijuana in the freezer at the back of his house using timers and grow lights, and that she was in fear of losing her kids due to the drug activity.

Officer Bradshaw and Officer Pete Penney participated in the search of Mr. Cogburn's home. Both officers were familiar with Mr. Cogburn from Mr. Cogburn's prior law-enforcement experience. When the officers entered the residence, they found Mr. Cogburn asleep in his bed. Mr. Cogburn was unarmed and cooperated with the police.

During the search, the officers found thirty-nine marijuana plants growing in the freezer at the back of the house. Grow lights and timers were being used in the manufacturing process. The police also found twenty-three marijuana plants growing outside the house. Multiple bags containing marijuana were found inside the house, along with digital scales and baggies.

The officers also seized approximately thirty guns during the search of Mr. Cogburn's residence. Some of these guns were loaded and some were unloaded. In the southeast corner of Mr. Cogburn's bedroom the police found a stack of firearms, at least one of which was loaded. Three firearms were found in the northeast corner of the bedroom, two guns were found between the mattress and box spring, and more guns were found in the bedroom closet. The police found a black bag containing multiple loaded handguns along the north wall of the bedroom, and there was a loaded handgun on the headboard area of the bed where Mr. Cogburn had been sleeping. The police also found ammunition throughout the bedroom.

Jeff Bruce, a forensic chemist at the crime lab, performed an analysis on the quantities of suspected marijuana seized by the police. Mr. Bruce testified that all of the quantities he tested were positive for marijuana. The total weight of all the amounts tested was 39.65 ounces.

Officer Robert Gentry testified that, after Mr. Cogburn's arrest, he Mirandized Mr. Cogburn and took a statement. In his statement to the police, Mr. Cogburn admitted that he was manufacturing marijuana and admitted that he possessed marijuana. Mr. Cogburn also told the police that the guns found in his house belonged to him.

We first address Mr. Cogburn's argument on appeal that there was insufficient evidence to support the verdicts. Mr. Cogburn challenges his conviction for Class D felony manufacturing marijuana, which, pursuant to Arkansas Code Annotated section 5-64-439(b)(2) (Repl. 2016), is committed if a person manufactures more than 14 grams but less than 4 ounces of marijuana. Mr. Cogburn also contends that there was insufficient evidence

SLIP OPINION

to support a conviction for Class D felony possession of marijuana with purpose to deliver, which, pursuant to Arkansas Code Annotated section 5-64-436(b)(2), requires proof of possession of more than 14 grams but less than 4 ounces of marijuana. Both of these challenges are based on appellant's claim that the State failed to establish the requisite minimum weights of marijuana that he allegedly manufactured or possessed with the purpose to deliver. Mr. Cogburn asserts that the chemist, Mr. Bruce, did not clarify exactly how much of the suspected marijuana he tested, stating only that he had tested a sample of each quantity submitted and confirmed each sample to be marijuana. Mr. Bruce also acknowledged in his testimony that the bags of marijuana he tested may have included other plant material besides marijuana. Mr. Cogburn posits that the chemist was uncertain as to how much of the suspected marijuana presented for analysis was marijuana or how much the suspected marijuana weighed, and therefore that there was insufficient evidence to support the above two offenses.

We conclude that Mr. Cogburn has failed to preserve his sufficiency challenge to the manufacturing-marijuana conviction, and that his challenge to possession of marijuana with purpose to deliver is moot. In a jury trial, a directed-verdict motion must be made at the close of the State's case and at the end of all the evidence, Arkansas Rule of Criminal Procedure 33.1(a), and must state specific reasons for which the evidence is deficient. *Wilson v. State*, 2015 Ark. App. 709. A motion generally stating that the evidence is insufficient does not preserve specific claims for appeal. *Id*.

In Mr. Cogburn's directed-verdict motion, which he made at the close of the State's case and renewed at the close of the evidence, he stated:

Your Honor, since the State has rested, Defendant would move for directed verdict of acquittal, specifically as to all four counts as there's been insufficient evidence for each of those. I know that doesn't reserve much for purposes of appeal. But, specifically, as far as Count Two is concerned, on the Possession with Purpose to Distribute, Defendant would move for judgment of acquittal. As far as the element that concerns the actual purpose to distribute to another person. We think there's insufficient evidence regarding any baggies or scales. That was what was listed in the Information regarding evidence towards the purpose. Also the amount, we would ask the Court for a directed verdict of the "with purpose" part of that statute.

Although Mr. Cogburn generally moved for a directed verdict on each of the four counts with which he was charged, he never made a specific motion for a directed verdict on the manufacturing-marijuana charge or apprised the trial court of what element of that offense was allegedly not proved. Based on Rule 33.1, and in accordance with our holding in *Wilson*, *supra*, we hold that Mr. Cogburn's motion was too general to preserve his argument that the State failed to prove the minimum–weight element of the manufacturing-marijuana charge.

Although Mr. Cogburn did make a specific directed-verdict motion on the possession–of–marijuana–with–purpose–to–deliver charge, arguing insufficient proof of his purpose to deliver, Mr. Cogburn was not convicted of that offense. Instead, the jury found that Mr. Cogburn had no purpose to deliver and convicted him of the lesser-included offense of possession of marijuana. Therefore, appellant's argument on appeal that there was insufficient evidence to support a conviction for possession of marijuana with purpose to deliver is moot.[1]

_____

[1]We observe that, under this point on appeal, Mr. Cogburn does not challenge the sufficiency of the evidence supporting his convictions for simple possession of marijuana, possession of drug paraphernalia, or simultaneous possession of drugs and firearms. Nor did he make any specific arguments below to preserve any challenge to the sufficiency of the evidence for these offenses. Mr. Cogburn made no directed-verdict motion at all as to

SLIP OPINION

Moreover, even had appellant's arguments regarding the weight of the marijuana been properly preserved below and argued on appeal, they lack merit. Mr. Bruce analyzed a bag containing leaves stripped from the growing marijuana plants and determined that the bag weighed 33 grams, which far exceeded the 14-gram threshold to support a conviction for Class D felony manufacture of marijuana. The total weight of the marijuana tested by Mr. Bruce was 39.65 ounces, and he testified that although the bags may have contained some other plant material, the bags contained mostly marijuana.[2]

Mr. Cogburn's next argument is that the trial court erred in permitting hearsay testimony about what his wife had told the police. The statements by his wife were that he was growing marijuana using timers and grow lights, and that she was in fear of losing her kids due to the drug activity. Mr. Cogburn acknowledges that, in *Winbush v. State*, 82 Ark. App. 365, 107 S.W.3d 882 (2003), we stated that an out-of-court statement offered to explain a police officer's actions during an investigation is not hearsay. However, Mr. Cogburn contends that in this case the officer's course of conduct was not at issue and that it was unnecessary that it be explained. Mr. Cogburn thus asserts that admission of the testimony was an abuse of discretion. Mr. Cogburn further argues that his wife's hearsay

possession of marijuana. In order to preserve challenges to the sufficiency of the evidence supporting lesser-included offenses, defendants must address the lesser-included offenses either by name or by apprising the trial court of the elements of the lesser-included offenses questioned by their motions for directed verdict. *Mainard v. State*, 102 Ark. App. 210, 283 S.W.3d 627 (2008).

[2]Mr. Cogburn's conviction for Class D felony possession of marijuana was pursuant to Arkansas Code Annotated section 5-64-419(b)(5)(C), which required a finding that he possessed more than 4 ounces.

statement about being in danger of losing her kids was prejudicial to his defense, and that there was no proof that her children were taken from her.

We need not decide whether there was any error in admitting the allegedly objectionable testimony because Mr. Cogburn cannot demonstrate prejudice. An appellate court will not reverse a trial court's evidentiary ruling absent a showing of prejudice. *Chatfield v. State*, 2013 Ark. App. 565. When the evidence of guilt is overwhelming and the error allowing the admission of hearsay evidence is slight, we can declare the error harmless and affirm. *Winbush, supra.* In this case investigators found multiple marijuana plants, multiple containers of marijuana, multiple firearms, and drug paraphernalia at Mr. Cogburn's house. Mr. Cogburn admitted to the police that he was growing marijuana, and that the marijuana and guns inside the house belonged to him. The evidence at trial overwhelmingly demonstrated Mr. Cogburn's guilt, and any error in admitting his wife's hearsay statements caused him no prejudice.

Mr. Cogburn's remaining argument is that the trial court erred in denying his request to submit an affirmative-defense jury instruction with respect to the simultaneous-possession-of-drugs-and-firearms charge. Arkansas Code Annotated section 5-74-106 makes it unlawful to commit a felony drug violation while in possession of a firearm, and subsection (d) provides that "[i]t is a defense to this section that the defendant was in his or her home and the firearm . . . was not readily accessible for use." Mr. Cogburn proffered a jury instruction based on the above defense, but the trial court refused it. Mr. Cogburn contends that this was error because there was evidence to raise a fact question as to whether the firearms found by the police in his home were readily accessible.

A party is entitled to an instruction on a defense if there is sufficient evidence to raise a question of fact or if there is any supporting evidence for the instruction. *Sharp v. State*, 90 Ark. App. 81, 204 S.W.3d 68 (2005). A trial court's ruling on whether to submit a jury instruction will not be reversed absent an abuse of discretion. *Northern v. State*, 2015 Ark. App. 426, 467 S.W.3d 755. There is no error in refusing to give a jury instruction where there is no basis in the evidence to support the giving of the instruction. *Stalnaker v. State*, 2014 Ark. App. 412, 437 S.W.3d 700.

We hold that there was no abuse of discretion in the trial court's refusal to give the jury instruction. The testimony and evidence at trial left no fact question as to whether the multiple loaded firearms found in appellant's bedroom were readily accessible for use. In the small bedroom where Mr. Cogburn was found sleeping, the police seized loaded guns from a black bag just a couple of steps from where Mr. Cogburn was sleeping, which according to the testimony was easy for him to access. Another gun was located on the headboard of the bed and was loaded and "ready to fire." Numerous guns, both loaded and unloaded, were found in the bedroom, along with ammunition throughout the room. From the evidence presented at trial, there was no basis from which the jury could conclude that Mr. Cogburn did not have firearms readily accessible for his use.[3]

Although we affirm appellant's convictions, there are errors in the sentencing order that must be addressed. The sentencing order reflects that Mr. Cogburn was convicted of

---

[3]Although Mr. Cogburn suggests that his former experience in law enforcement bolsters his argument that the affirmative-defense instruction should have been given, we fail to see how appellant's background in law enforcement has any relevance to the issue of whether the guns found in his bedroom were accessible to him.

Class C felony manufacture of marijuana pursuant to Arkansas Code Annotated section 5-64-439(b)(3), when in fact he was convicted of Class D felony manufacture of marijuana under section 5-64-439(b)(2). In addition, the sentencing order contains a scrivener's error stating that appellant's Class D felony possession-of-marijuana conviction was pursuant to Arkansas Code Annotated section 5-64-419(b)(5)(ii); the section for that offense is actually 5-64-419(b)(5)(C). A trial court can enter an order nunc pro tunc to correct clerical errors in a judgment or order. *Sizemore v. State*, 2015 Ark. App. 728, 478 S.W.3d 281. Accordingly, we affirm appellant's convictions, but we remand in part for the trial court to correct the sentencing order to conform with the particulars outlined above. *See Allen v. State*, 2015 Ark. App. 598; *Williams v. State*, 2014 Ark. App. 454.

Affirmed; remanded in part for corrected sentencing order.

GLOVER and HOOFMAN, JJ., agree.

*James Law Firm*, by: *William O. "Bill" James, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.