Eric GAINES *v.* STATE of Arkansas

CR 02-868                                    118 S.W.3d 102

Supreme Court of Arkansas
Opinion delivered September 18, 2003

*John Wesley Hall, Jr.*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Jeffrey A. Weber*, Ass't Att'y Gen., for appellee.

JIM HANNAH, Justice. A Pulaski County jury found appellant Eric Dewayne Gaines guilty of rape in violation of Ark. Code Ann. § 5-14-103(a)(4) (Repl. 1997). Gaines was sentenced to fifteen years in the Arkansas Department of Correction. The charge arose from allegations that Gaines engaged in sexual intercourse or deviate sexual activity with T.W., a thirteen-year-old female child.

Gaines raises two points on appeal. He argues that the trial court erred in not granting his request to instruct the jury on the lesser-included offense of carnal abuse in the third degree. He also argues he was denied his right to due process and a fair trial under the Sixth and Fourteenth Amendments of the United States Constitution and under Article 2, Section 10, of the Arkansas Constitution because the trial court did not permit him to raise the defense that he was mistaken as to T.W.'s age.

The court of appeals certified the case to this court pursuant to Ark. S. Ct. R. 1-2(a)(1), and 1-2(b)(1) and (3). We note that Gaines failed to include a "Statement of the Case" in his brief.[1]

We hold that the carnal abuse in the third degree is not a lesser-included offense of § 5-14-103(a)(4); therefore, the trial court did not err in refusing to instruct the jury on carnal abuse in the third degree. In addition, we hold that Ark. Code Ann. § 5-14-102(b) (Repl. 1997), which prohibits a mistake-of-age defense, does not violate Gaines's right to due process and a fair trial as guaranteed by the United States Constitution and the

---

[1] It is the appellant's responsibility to be mindful of our requirements for the contents of briefs. Rule 4-2(a)(6) of the Rules of the Arkansas Supreme Court provides, in part:

> The appellant's brief shall contain a concise statement of the case without argument. ...The statement of the case should be sufficient to enable the Court to understand the nature of the case, the general fact situation, the action taken by the trial court, and must include page references to the abstract and Addendum.

Arkansas Constitution. As such, the trial court properly refused to permit Gaines to raise a mistake-of-age defense.

## Lesser-Included Offense

At trial, Gaines argued that the trial court was required to instruct the jury on carnal abuse in the third degree as a lesser-included offense of rape. The State argued that carnal abuse in the third degree is not a lesser-included offense of rape because the elements of carnal abuse in the third degree do not fit within the definition of a lesser-included offense for rape. The trial court refused to instruct the jury on carnal abuse in the third degree.

■ Gaines acknowledges that the issue of whether carnal abuse in the third degree is a lesser-included offense of rape has been addressed by this court and that we have previously held that carnal abuse is not a lesser-included offense of rape because rape requires proof of a different factual element. Indeed, in *Weber v. State*, 326 Ark. 564, 933 S.W.2d 370 (1996), we stated:

> Because the carnal abuse statutes contain an element not included in the rape statute (*i.e.*, the accused's age requirement), we have concluded that certain degrees of carnal abuse are not included in the offense of rape. *Bonds v. State*, 310 Ark. 541, 543-44, 837 S.W.2d 881 (1992); *Leshe v. State*, 304 Ark. 442, 448, 803 S.W.2d 522 (1991); *Kerster v. State*, 303 Ark. 303, 308, 797 S.W.2d 704 (1990); *Sullivan v. State*, 289 Ark. 323, 328-30, 711 S.W.2d 469 (1986).

*Weber*, 326 Ark. at 572.

However, Gaines argues that our prior holdings were based on a misinterpretation of the lesser-included offense statute. Therefore, Gaines contends that in light of our holding in *McCoy v. State*, 347 Ark. 913, 69 S.W.3d 430, *reh'g denied*, 348 Ark. 239, 74 S.W.3d 599 (2002), the court must now revisit the issue of whether carnal abuse in the third degree is a lesser-included offense of rape.

■ We have repeatedly stated that it is reversible error to refuse to instruct on a lesser-included offense when there is the slightest evidence to support the instruction. *See, e.g., Morris v. State*, 351 Ark. 426, 94 S.W.3d 913 (2003); *Ellis v. State*, 345 Ark. 415, 47 S.W.3d 259 (2001). In addition, we have made it clear that

we will affirm a trial court's decision not to give an instruction on a lesser-included offense if there is no rational basis for giving the instruction. *Morris, supra; Ellis, supra.*

In *McCoy, supra,* we retreated from some of our prior holdings concerning lesser-included offenses and made it clear "that the determination of when an offense is included in another offense depends on whether it meets one of the three tests set out in section 5-1-110(b)...." 347 Ark. at 921.

Section 5-1-110(b) provides:

(b) A defendant may be convicted of one offense included in another offense with which he is charged. An offense is so included if:

(1) It is established by proof of the same or less than all elements required to establish the commission of the offense charged; or

(2) It consists of an attempt to commit the offense charged or to commit an offense otherwise included within it; or

(3) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish its commission.

Ark. Code Ann. § 5-1-110(b) (Repl. 1997).

Gaines states: "Applying either (b)(1), (b)(2), or (b)(3) to the facts of this case, Appellant submits that the trial court should have instructed the jury as to the elements of carnal abuse in the third degree." We will discuss each subsection in turn.

*Ark. Code Ann. § 5-1-110(b)(1)*

Subsection (b)(1) provides that an offense is a lesser-included offense if "[i]t is established by proof of the same or less than all the elements required to establish the commission of the offense charged." Ark. Code Ann. § 5-1-110(b)(1) (Repl. 1997). Gaines was convicted of rape under § 5-14-103(a)(4), which provides that "[a] person commits rape if he engages in sexual intercourse or deviate sexual activity with another person [w]ho is less than fourteen (14) years of age." Thus, the State is required to prove

that a person (1) engaged in sexual intercourse or deviate sexual activity with another person, (2) who is less than fourteen years of age.

Under the carnal abuse in the third degree statute, § 5-14-106(a) (Repl. 1997), "[a] person commits carnal abuse in the third degree if, being twenty (20) years old or older, he engages in sexual intercourse or deviate sexual activity with another person not his spouse who is less than sixteen (16) years old." Thus, the State is required to prove that a person (1) is twenty years old or older, (2) engages in sexual intercourse or deviate sexual activity with another person not his spouse, (3) who is less than sixteen years old.

As the State points out, carnal abuse in the third degree is not a lesser-included offense of rape under § 5-1-110(b)(1) because the carnal abuse statute contains elements which the rape statute does not. The carnal abuse statute differs from the rape statute in that it requires that the State prove: (1) that the defendant is twenty years old or older; (2) that the victim is not the defendant's spouse; and (3) that the victim is less than sixteen years old. The rape statute does not require proof of the defendant's age. The rape statute does not require proof that the victim is not the defendant's spouse. The rape statute does not require proof that the victim is less than sixteen years old; rather it requires proof that the victim is less than fourteen years old. Since the two statues require proof of different elements, § 5-14-106 is not a lesser-included offense of § 5-14-103(a)(4).

### Ark. Code Ann. § 5-1-110(b)(2)

Subsection (b)(2) provides that an offense is a lesser-included offense if "[i]t consists of an attempt to commit the offense charged or to commit an offense otherwise included within it." Ark. Code Ann. § 5-1-110(b)(2) (Repl. 1997). Subsection (b)(2) is inapplicable to the present case because Gaines was not charged with an attempted offense. *See* the Official Commentary to Ark. Stat. Ann. 41-105 (Repl. 1977) (noting that the Code defines the meaning of included offenses by "establishing three alternative tests," and noting that the "second type of included offense is an attempt to commit the offense charged.")

## Ark. Code Ann. § 5-1-110(b)(3)

Gaines argues that carnal abuse in the third degree "really only differs from statutory rape under § 5-14-103(a)[(4)] because it covers a less risk of injury to the public interest." Section (b)(3) provides that an offense is a lesser-included offense if "[i]t differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish its commission." Ark. Code Ann. § 5-1-110(b)(3) (Repl. 1997). Gaines states:

> Statutory rape is intended to protect children under the age of fourteen from any sexual intercourse with adults. The public has a high interest in the protection of young children. On the other hand, carnal abuse is intended to protect young adults, 16 or less, from actors 20 or older. While the public interest in the protection of young adults is still high, that interest is less than the public interest in the protection of young children.

Gaines focuses on the "public interest" aspect of the statute, but he ignores the part of the statute which refers to a "less serious injury or risk of injury to the same *person*" (emphasis added). In the present case, the injury or risk of injury to T.W. is the same for both rape and carnal abuse in the third degree — sexual intercourse or deviate sexual activity. Since the injury is the same, it is obvious that the injury involved in one offense cannot be "less serious" than the injury involved in the other offense. Gaines offers no argument for how' carnal abuse in the third degree, which involves the injury of sexual intercourse or deviate sexual activity, would be less injurious to T.W. than rape, which also involves the injury of sexual intercourse or deviate sexual activity. In *Leshe v. State*, 304 Ark. 442, 448, 803 S.W.2d 522 (1991), the court rejected the appellant's argument that the legislature "thought that carnal abuse poses a less serious threat to the victim because they gave it a lesser sentence range." In that case, the appellant argued that carnal abuse in the first degree was a lesser-included offense of rape. The court wrote:

> We cannot agree with such an argument. The only difference between the two definitions, one of rape and one of carnal abuse, is the requirement that the perpetrator be over 18 to commit carnal abuse. That has nothing to do with the risk to the victim. . . . [T]he

anomaly created by the two statutes came about as a result of the process of amending the carnal abuse law apparently without consideration of the rape statute. We cannot think that the general assembly intended the difference at all, much less that it thought the same act might result in a greater risk of harm to a victim because it was given a different name or might be committed by an older person.

*Id.*

■ Gaines has failed to demonstrate that carnal abuse in the third degree is a lesser-included offense of rape under any of the three alternative tests of § 5-1-110(b). The trial court properly refused to instruct the jury on carnal abuse in the third degree.

### Mistake-of-Age Defense

Gaines argues that he has a federal and state constitutional right to raise mistake of age as a defense because strict liability on a seventy percent parole eligibility offense is a denial of due process and a right to a fair trial under the Sixth and Fourteenth Amendments to the United States Constitution and to Article 2, Section 10, of the Arkansas Constitution. Gaines argues that Ark. Code Ann. § 5-14-102(b) is unconstitutional because it denies him an opportunity to raise a defense to the crime for which he was charged.

Section 5-14-102(b) provides:

When the criminality of conduct depends on a child being below the age of fourteen (14) years, it is no defense that the actor did not know the age of the child, or reasonably believed the child to be fourteen (14) years of age or older.

Gaines argues that under § 5-14-102(b), the State is allowed to obtain a conviction without proof of a culpable mental state, and there is no acceptable rationale for dispensing with such proof. He states:

The justification given for the application of strict liability to rape of individuals under the age of fourteen years of age is that society wishes to protect those of young age and that a defendant should be able to ascertain the age of the victim. It is interesting to note that the legislature saw fit to eliminate the defense of mistake of

age when the victim was under the age of fourteen years, but not when the victim was older. There appears to be no rationale why a victim[']s age is easier to ascertain when they are younger than fourteen as opposed to being fourteen or older.

We have made it clear that the rape of a person fourteen years or younger is a strict-liability crime. *See Short v. State*, 349 Ark. 492, 79 S.W.3d 313 (2002); *Clay v. State*, 318 Ark. 550, 886 S.W.2d 608 (1994). In the case of statutory rape, the State is not required to prove that the accused "purposely" had sex with a person under fourteen years of age. *Clay*, 318 Ark. at 559. In *Clay, supra*, we noted that "[a] person who has sexual intercourse ·or deviate sexual activity with one less than fourteen years of age is guilty of the crime, *regardless of how old he or she thought the victim was*, and regardless of whether there was consent." *Id.* (Emphasis added.) In *Short, supra*, we stated:

> The 1988 Supplemental Commentary to Ark. Code Ann. § 5-14-103 (Repl. 1995) notes that the rape statute "now imposes strict liability where the victim is less than 14 years of age." A strict-liability offense is "[a] crime that does not require a *mens rea* element. . . ." *Black's Law Dictionary* 378 (7th ed. 1999).

349 Ark. at 496.

Therefore, Gaines is not correct in stating that part of the rationale "for the application of strict liability to rape of individuals under the age of fourteen years of age is . . . that a defendant should be able to ascertain the age of the victim." To the contrary, whether the defendant is able to ascertain the age of the victim is irrelevant in a statutory rape case.

Still, Gaines maintains that § 5-14-102(b) is "a presumption of intent created by the legislature" because it is "presumed that any defendant that had sexual intercourse with a person under the age of fourteen knew or should have reasonable know[ledge] [of] the person's age." He also contends that "[a]ny presumption that effectively relieves the prosecution of the need to prove an element of a crime violates due process."

We first point out that § 5-14-102(b) creates no such presumption concerning what a defendant knew or should have known about the victim's age. It simply provides that when the victim is less than fourteen years of age, a defendant may not raise

a defense that he or she was mistaken as to the age of the victim. Since the State is not required to prove intent in a strict-liability case, a defense which raises the issue of a person's intent, i.e., allows a person to raise a defense about what he or she reasonably believed about the victim's age at the time of the offense, is not allowed because it is wholly irrelevant.

Further, the State is in no way "relieved" of proving that the defendant had the intent to rape a person less than fourteen years old. "Intent" is not an element of the crime of statutory rape. As such, the State cannot be "relieved" of proving something that it never had the duty to prove.

██ ██ We now address the issue of whether denying a defendant the use of a mistake-of-age defense in statutory rape cases offends due process. Statutes are presumed constitutional, and the burden of proving otherwise is on the challenger of the statute. *Reinert v. State*, 348 Ark. 1, 71 S.W.3d 52 (2002). If it is possible to construe a statute as constitutional, we must do so. *Bunch v. State*, 344 Ark. 730, 43 S.W.3d 132 (2001). In construing a statute, we will presume that the General Assembly, in enacting it, possessed the full knowledge of the constitutional scope of its powers, full knowledge of prior legislation on the same subject, and full knowledge of judicial decisions under preexisting law. *Id.* We must also give effect to the legislature's intent, making use of common sense and giving words their usual and ordinary meaning. *Id.*

In support of his argument that he was denied due process and a right to a fair trial under the federal Constitution, Gaines cites *Morissette v. United States*, 342 U.S. 246, 250-51 (1952), where the United States Supreme Court stated:

> The contention that an injury can amount to a crime only when inflicted by intention is no provincial or transient notion. It is as universal and persistent in mature systems of law as belief in freedom of the human will and consequent ability and duty of the normal individual to choose between good and evil.... Unqualified acceptance of this doctrine by English common law in the Eighteenth Century was indicated by Blackstone's sweeping statement that to constitute any crime there must first be a "vicious will"....

▉▉ Gaines contends that "[t]o dispense with this requirement, one so deeply rooted in our criminal justice and constitutional system, there must be extreme circumstances." Gaines fails to mention that in *Morissette, supra,* the United States Supreme Court acknowledged the development of exceptions to the rule that every crime contains a *mens rea* element, specifically stating that "[e]xceptions came to include sex offenses, such as rape, in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached the age of consent." *Morissette,* 342 U.S. at 251 n.8. In addition, in *Lambert v. United States,* 355 U.S. 225 (1957), the Court plainly stated:

> We do not go with Blackstone in saying that "a vicious will" is necessary to constitute a crime, 4 Bl. Comm., for conduct alone without regard to the intent of the doer is often sufficient. There is wide latitude in the lawmakers to declare an offense and to exclude knowledge and diligence from its definition.

*Id.* at 228.

Certainly, it is within the power of the legislature to determine crimes, as well as defenses. In the present case, the legislature has expressly stated that it is a crime for a person to have sexual intercourse or deviate sexual activity with a person younger than fourteen years of age. Further, the legislature has expressly stated that if the victim of a rape is less than fourteen years of age, the actor may not raise the defense of mistake of age.

▉▉ Gaines's only support for his argument that he was denied his right to due process and a fair trial under the Arkansas Constitution is a citation to cases in two other jurisdictions. *See State v. Guest,* 583 P.2d 836 (Alaska 1978); *State v. Elton,* 680 P.2d 727 (Utah 1984). In those cases, as Gaines points out, the courts interpreted state law. In *Guest, supra,* the Alaska Supreme Court held that a trial court's refusal to allow a mistake-of-age defense is a violation of Alaska law. In *Elton, supra,* the Utah Supreme Court held that a trial court's refusal to allow a mistake-of-age defense is a violation of Utah law. Gaines fails to explain how *Guest, supra,* and *Elton, supra,* have any bearing, even as persuasive authority, on whether the trial court's refusal to allow him to use a mistake-of-age defense violates the Arkansas Constitution. We have repeatedly stated that we will not consider an argument that presents no

citation to authority or convincing argument. *See Kelly v. State*, 350 Ark. 238, 85 S.W.3d 893 (2002).

We have held that "[t]he state has an interest in the general welfare of children, and one of the most obvious duties is to protect children from sexual crimes against which children are virtually defenseless." *McGuire v. State*, 288 Ark. 388, 392, 706 S.W.2d 360 (1986). The legislature has consistently protected children victimized by sexual offenses. *See, e.g.*, Ark. Code Ann. §§ 5-14-102 to -110; Ark. Stat. Ann. §§ 41-1802 to -1810. Gaines has failed to demonstrate that § 5-14-102, which furthers the State's interest in protecting children, violates his due process rights and a right to a fair trial as guaranteed by the United States Constitution and the Arkansas Constitution.

Affirmed.

THORNTON, J., not participating.