KENNETH S. HIXSON, Judge
Appellant Jonathan Scott Trotter, age twenty-eight, was convicted in a jury trial of two counts of rape and two counts of second-degree sexual assault committed against a thirteen-year-old girl named R.S. For these offenses, Mr. Trotter was sentenced to thirty years in prison. Mr. Trotter now appeals, raising two arguments. First, he argues that there was insufficient evidence to support his convictions. Next, he argues that the trial court erred in denying his motion to declare Ark. Code Ann. § 5-14-102 (Repl. 2013) unconstitutional. We affirm.
Pursuant to Ark. Code Ann. § 5-14-103(a)(3)(A), a person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. Pursuant to Ark. Code Ann. § 5-14-125(a)(3), a person commits second-degree sexual assault if the person, being eighteen years of age or older, engages in sexual contact with another person who is less than fourteen years of age.
When an appellant challenges the sufficiency of the evidence, we review the sufficiency argument prior to a review of any alleged trial errors. Bohanan v. State , 72 Ark. App. 422, 38 S.W.3d 902 (2001). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. Id. Substantial evidence is evidence forceful enough to compel a conclusion with reasonable certainty without resort to conjecture. Breedlove v. State , 62 Ark. App. 219, 970 S.W.2d 313 (1998). We review the evidence in the light most favorable to the State, considering only the evidence that tends to support the verdict. Morton v. State , 2011 Ark. App. 432, 384 S.W.3d 585.
Before trial, Mr. Trotter filed a motion to declare Ark. Code Ann. § 5-14-102 unconstitutional.
*423 That statute provides, under subsection (b):
(b) When the criminality of conduct depends on a child's being below fourteen (14) years of age and the actor is twenty (20) years of age or older, it is no defense that the actor:
(1) Did not know the age of the child; or
(2) Reasonably believed the child to be fourteen (14) years of age or older.
Ark. Code Ann. § 5-14-102(b). In his motion, Mr. Trotter argued that the above provision, which prohibits a defendant from using mistake of age as a defense when the victim is less than fourteen years of age, violates due process and his right to a fair trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article 2, section 10 of the Arkansas Constitution. Mr. Trotter asserted that R.S. had posted on the internet that she was born on May 3, 1997, which would have made her nineteen years old during the relevant time frame. Mr. Trotter asserted further that R.S. had posted pornography and other sexual statements on the internet and was engaging in activity normally engaged in only by adults. He thus posited that R.S. should be held to an "adult standard." Mr. Trotter contended that the challenged statute assumes that every person under the age of fourteen is the same when, in fact, they differ in size, shape, behavior, and maturity. Citing cases from other states, Mr. Trotter argued that Arkansas should allow mistake of age as a defense.
A pretrial hearing was held on Mr. Trotter's motion, and Mr. Trotter testified at the hearing. Mr. Trotter testified that R.S. had approached him on social media, and on her Facebook page she represented that she was born on May 3, 1997. Mr. Trotter stated that R.S. deceived him into thinking she was nineteen years old. Mr. Trotter further testified that R.S. "flaunted herself" by posting half-naked pictures of herself on her Facebook page. Mr. Trotter stated that R.S. did not look like a thirteen-year-old or carry herself like a thirteen-year-old. He also stated that she displayed adult behavior, including smoking cigarettes and telling him that she recently had a baby. Mr. Trotter admitted that R.S. is thirteen years old and that he had sexual intercourse with her. However, he testified that he wanted to take some responsibility, but not full responsibility, because had he known R.S.'s age he would not have had sex with her.
At the conclusion of Mr. Trotter's testimony at the pretrial hearing, the trial court denied Mr. Trotter's motion to declare Ark. Code Ann. § 5-14-102 unconstitutional. The trial court also ruled that the aforementioned information and pictures posted by R.S. on her Facebook page were not relevant and inadmissible at trial.
The State presented two witnesses at the jury trial. The first was Officer Jesus Coronado, and the second was the victim, R.S.
Officer Coronado investigated the case after receiving a report that Mr. Trotter had engaged in sexual intercourse with R.S. Officer Coronado interviewed R.S., and during the interview R.S. stated that she had sexual intercourse with Mr. Trotter in July 2016 and again in August 2016. On the following day, after administering Miranda warnings, Officer Coronado interviewed Mr. Trotter. During that interview, Mr. Trotter admitted that he had sexual intercourse with R.S.
R.S. testified that she is thirteen years old. She stated that she met Mr. Trotter in person but that they also communicated on Facebook. R.S. testified that she had sexual intercourse with Mr. Trotter in his *424 apartment on two separate occasions. On the first occasion, in July 2016, Mr. Trotter began kissing R.S. and rubbing her buttocks with his hand. Mr. Trotter then pulled R.S.'s pants down, rubbed her vagina with his hand, and put his penis in her vagina. On the second occasion, in August 2016, Mr. Trotter began kissing R.S. and touching her breasts with his hand. R.S. testified that during this second episode, Mr. Trotter again put his penis in her vagina.
Mr. Trotter testified for the defense. He stated that he met R.S. on social media and that they would talk and "smoke weed" together. Mr. Trotter acknowledged that he had sexual intercourse with R.S., although he stated that it happened only one time. He stated, "I did put my penis in her vagina."
Based on this testimony, the jury found Mr. Trotter guilty of two counts each of rape and second-degree sexual assault. Mr. Trotter received an aggregate sentence of thirty years in prison.
Mr. Trotter's first argument on appeal is that there was insufficient evidence to support his convictions. Mr. Trotter does not argue that he did not have sexual contact or sexual intercourse with R.S. Instead, he argues that the State failed to prove that he used forcible compulsion against R.S. Mr. Trotter submits that R.S. was a willing participant and that he used no force whatsoever for them to have sex.
It is well settled that the testimony of a rape victim, standing alone, is sufficient to support a conviction if the testimony satisfies the statutory elements of rape. Rohrbach v. State , 374 Ark. 271, 287 S.W.3d 590 (2008). In this case, the testimony of R.S. was alone sufficient to support Mr. Trotter's convictions for rape and second-degree sexual assault. Contrary to Mr. Trotter's argument, the State was not required to prove forcible compulsion. A person commits rape if he engages in sexual intercourse with a person who is less than fourteen years of age, Ark. Code Ann. § 5-14-103(a)(3)(A), and a person commits second-degree sexual assault if he is eighteen years of age or older and engages in sexual contact with a person who is less than fourteen years of age, Ark. Code Ann. § 5-14-125(a)(3). R.S. testified that she is thirteen years old, and she described in detail two episodes where Mr. Trotter engaged in both sexual intercourse and sexual contact with her. This testimony amounts to substantial evidence to support Mr. Trotter's convictions.
Mr. Trotter's remaining argument is that the trial court erred by not declaring Ark. Code Ann. § 5-14-102 unconstitutional. In particular, Mr. Trotter challenges as unconstitutional subsection 102(b), which provides that when the criminality of conduct depends on a child's being below fourteen years of age and the actor is twenty or older, it is no defense that the actor did not know the age of the child or reasonably believed the child to be fourteen or older. Mr. Trotter argues that this prohibition against using mistake of age as a defense violated his right to a fair trial and due process under both the United States Constitution *425 and the Arkansas Constitution.
This issue is easily dispensed with based on our supreme court's holding in Gaines v. State , 354 Ark. 89, 118 S.W.3d 102 (2003). In Gaines , the appellant was convicted of rape committed against a thirteen-year-old girl and raised the same constitutional argument being raised here. Our supreme court in Gaines held that denying the defendant a mistake-of-age defense pursuant to Ark. Code Ann. § 5-14-102 did not offend due process or the defendant's right to a fair trial, and did not violate either the United States Constitution or the Arkansas Constitution. We are without authority to overrule decisions of the supreme court, and we are bound to follow its decisions. Lee v. State , 2010 Ark. App. 224, 2010 WL 893628. As this issue has been squarely decided by our supreme court in Gaines , we reject Mr. Trotter's argument that Ark. Code Ann. § 5-14-102 is unconstitutional.
Affirmed.
Abramson and Virden, JJ., agree.